IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TJUANA HOPKINS, § | | |
|    Plaintiff, § | | |
| § | | CIVIL ACTION NO. 21-375 |
| VS. § | | |
| § | | JURY TRIAL REQUESTED |
| KURTIS DAVIS and TESLA, INC. § | | |
| d/b/a TESLA MOTORS, INC., § | | |
|    Defendants. § | | |

## NOTICE OF REMOVAL

Defendant TESLA, INC. (incorrectly referred to in Plaintiff's pleadings as Tesla, Inc. d/b/a Tesla Motors, Inc.), (hereinafter "Tesla"), hereby removes to this Court the state court action described below, and files this, its Notice of Removal under 28 U.S.C. §1446(a):

**I.  INTRODUCTION**

1. Defendant has filed its Civil Cover Sheet and attaches same to this Notice as Exhibit A.

2. On March 9, 2021, Plaintiff Tjuana Hopkins ("Hopkins") initiated a civil state court action in the 438th Judicial District of Bexar County, Texas, styled *Tjuana Hopkins v. Kurtis Davis and Tesla, Inc. d/b/a Tesla Motors, Inc.*, Cause No. 2021-CI-04341. In her Original state court Petition, Plaintiff alleges personal injuries and damages proximately caused by an automobile accident on April 1, 2020.[1] Plaintiff asserts causes of action against Defendants based on negligence, negligence per se, gross negligence, and respondeat superior.[2] Plaintiff seeks recovery of compensatory and exemplary damages.[3]

---
[1] *See* Ex. B, Plaintiffs' Original state court Petition and Citation
[2] *Id.*
[3] *Id.*

3. Defendant Tesla's agent was served with citation and a copy of Plaintiff's Original Petition on or about March 15, 2021. This Notice of Removal is thus timely under 28 U.S.C. §1446(b) in that it is filed within thirty (30) days of receipt by Tesla of the initial pleading from which it may first be ascertained that the case is one which is or has become removable.

4. Copies of the Citation and Original Petition served on Tesla are attached hereto as Exhibit B.[4] These documents constitute the only process, pleadings, or orders received by Tesla in this action. A copy of Defendant Tesla's Original Answer is attached hereto as Exhibit C. A copy of the state court docket sheet is attached hereto as Exhibit D.

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C.§1332 which may be removed to this Court by Defendant pursuant to §1441(a) in that it is an action wherein complete diversity lies and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

6. Removal venue exists in the United States District Court for the Western District of Texas, San Antonio Division because the District Court of Bexar County is within the Western District of Texas, San Antonio Division.[5]

## II. CONSENT OF CO-DEFENDANT

7. Even though Co-Defendant Kurtis Davis ("Davis") need not consent to removal because he was fraudulently joined,[6] out of an abundance of caution, Tesla obtained Co-Defendant Davis's consent. Defendant Davis's Notice of Consent to Removal will be filed with this Court on April 12, 2021.

---

[4] 28 U.S.C. §1446(a)
[5] 28 U.S.C. §1441(a)
[6] *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants . . . [but] [i]n cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists"); *see also Electro Grafix, Corp. v. Acadia Ins. Co.,* No. SA-18-CA-589-XR, 2018 WL 3865416, at *2 (W.D. Tex. – San Antonio Division, Aug. 14, 2018) ("consent of an improperly joined party is not necessary for removal to be procedurally proper).

### III. BASIS FOR REMOVAL

8. Removal is proper because there is complete diversity between the properly joined parties and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).[7] For purposes of removal based on diversity jurisdiction, only the citizenship of properly joined parties is relevant.[8]

9. According to Plaintiff's Original Petition, Plaintiff is a Texas resident and has been a Texas resident at all times relevant to this lawsuit.[9]

10. Defendant Tesla is not a citizen of the State of Texas, is not incorporated under the laws of Texas, and does not maintain its principal place of business within Texas. Instead, Defendant Tesla is incorporated under the laws of Delaware and maintains its principal place of business in California. Therefore, Defendant Tesla is a citizen of Delaware and California.[10]

11. According to Plaintiff's Original Petition, Defendant Davis is a Texas Resident.[11] However, as discussed below, Davis has been fraudulently joined and his citizenship should be disregarded for purposes of affirming diversity jurisdiction.

12. Therefore, since Plaintiff (a Texas citizen) filed suit against Defendant Tesla (a Delaware and California citizen), the parties are of completely diverse citizenship.[12]

13. Additionally, and in further support of this Removal Notice, the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00), excluding interest, costs, and attorney's fees.[13] In her Original Petition, Plaintiff contends her damages exceed $1,000,000.00,

---

[7] 28 U.S.C. §1332(a)
[8] *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 – 18 (5th Cir. 1995)
[9] *See* Ex. B, Plaintiff's Original state court Petition
[10] *See* 28 U.S.C. §1332(c)
[11] *See* Ex. B, Plaintiff's Original state court Petition
[12] *See* 28 U.S.C. §§1332(a), 1332(c), 1441(b)
[13] 28 U.S.C. §1332(a)

thus exceeding the $75,000.00 requirement.[14] Therefore, Removal to this Federal Court is proper.

## IV. FRAUDULENT JOINDER

14. As referenced *supra*, Kurtis Davis is currently a Defendant in this lawsuit. Davis is a Texas resident who was fraudulently joined to destroy diversity jurisdiction. Davis's citizenship should be disregarded for the purposes of affirming jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446(a).

### A. Tesla Bears the Burden of Demonstrating Fraudulent Joinder

15. Once a case has been removed, the removing party bears the burden of proving that the court has jurisdiction to hear the claim.[15] Where charges of fraudulent joinder are used to establish the jurisdiction, the removing party has the burden of proving the claimed fraud.[16]

16. To prove its allegation of fraud, Tesla must show either: "(1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[17] "[A] removing defendant [need not] demonstrate an absence of any possibility of recovery;" instead, "the defendant must demonstrate only that there is no reasonable basis for predicting that the plaintiff will recover in state court."[18] "[A] 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder."[19]

---

[14] *See* Ex. B, Plaintiff's Original state court Petition
[15] *Jernigan v. Ashland Oak Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)
[16] *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)
[17] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal citations omitted)
[18] *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.,* 390 F.3d 400, 405 (5th Cir. 2004)
[19] *Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)

### B. Plaintiff Released All Claims Against Davis and Thus Cannot Establish a Cause of Action Against Davis.

17. On July 16, 2020—8 months *before* Plaintiff filed her Original Petition—Plaintiff entered into a valid and enforceable "Release of All Claims" against Defendant Davis related to the April 1, 2020 automobile accident, in exchange for a settlement payment of $50,000.00 from Defendant Davis's automobile insurance company, United Services Automobile Association ("USAA").[20] Plaintiff is thus barred from asserting any claims related to the April 1, 2020 automobile accident against Defendant Davis in state court.

18. Under Texas law, "a release is a bar to any right of action growing out of the matter discharged."[21] A release "conclusively estops the releaser from making further efforts to enforce the claim released."[22] To release a claim effectively, the releasing instrument must "mention" the claim to be released.[23] Although the agreement must "mention" the claim to be effective, the parties need not identify each potential cause of action relating to the subject matter of the release.[24] Further, although releases include claims existing at the time of execution they may also include unknown claims and damages that develop in the future.[25]

19. A release is a contract and is subject to the rules governing contract construction.[26] When construing a written contract, the primary concern of a court is to ascertain the true intentions of the parties as expressed in the instrument.[27] If the written instrument is

---

[20] See Ex. E, 7/16/20 K. Davis USAA Release of All Claims
[21] *Hart v. Traders & General Ins. Co.*, 189, S.W.2d 493, 494 (Tex. 1945)
[22] *Id.*
[23] *Victoria Bank & Trust Co. v. Brady*, 811 S.W.2d 931, 938 (Tex. 1991)
[24] *Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000)
[25] *Id.*
[26] *See William v. Glash,* 789 S.W.2d 261, 264 (Tex. 1990) (holding that a release is a contract); *Loy v. Kuykendall*, 347 S.W.2d 726, 728 (Tex. Civ. App.—San Antonio 1961) (treating release as a contract subject to the rules governing contract construction).
[27] *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)

worded so that it can be given a certain or definite legal meaning or interpretation, then the instrument is not ambiguous and the court will construe the contract as a matter of law.[28]

20. In this case, the subject matter released by Plaintiff includes claims against Defendant Davis for, "personal injuries, damage to property, loss of services, medical expenses, contribution indemnification, losses of damages of any and every kind or nature whatsoever, now known or unknown or that may hereafter develop, by me sustained or received on or about April 1, 2020 through an automobile accident."[29] The intentions of the parties are clear and unambiguous—Plaintiff fully and finally released Defendant Davis of all claims related to the April 1, 2020 auto accident in exchange for payment of a settlement sum. As a result, the release estops Plaintiff's pursuit of released claims and "is a bar to any cause of action growing out of the matter discharged."[30] Plaintiff *cannot* "establish a cause of action against the non-diverse party [Davis] in state court."[31] Joinder of Defendant Davis was clearly fraudulent and diversity jurisdiction lies in this matter.

## V. FILING OF NOTICE WITH STATE COURT

21. Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through her attorney of record and to the clerk of the state court action.[32]

## VI. PRAYER

22. WHEREFORE, PREMISES CONSIDERED, Defendant Tesla, Inc. respectfully requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as

---

[28] *Id.*
[29] Ex. E, 7/16/20 K. Davis USAA Release of All Claims
[30] *Hart*, 189 S.W.2d at 494.
[31] *Smallwood*, 385 F.3d at 573
[32] *See* 28 U.S.C. §1446(d)

may be necessary in connection with the removal of the state court action to this Court, and that it have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

WRIGHT & GREENHILL, P.C.
900 Congress Avenue, Suite 500
Austin, Texas 78701
512/476-4600
512/476-5382 (Fax)

By: _____
    David P. Boyce
    State Bar No. 02759770
    dboyce@w-g.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above and foregoing has been sent by electronic mail to the attorney listed below, in accordance with the Federal Rules of Civil Procedure on this 12th day of April, 2021.

Jerry Hernandez
jerryh@davislaw.com
Jason Linnstaedter
jasonL@davislaw.com
Davis Law Firm
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216

                                                David P. Boyce