**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **TJUANA HOPKINS,** | § | |
| Plaintiff, | § | |
| | § | **CIVIL ACTION NO. 21-375** |
| VS. | § | |
| | § | **JURY TRIAL REQUESTED** |
| **KURTIS DAVIS and TESLA, INC.** | § | |
| **d/b/a TESLA MOTORS, INC.,** | § | |
| Defendants. | § | |

# Exhibit B



# Service of Process Transmittal
03/15/2021
CT Log Number 539208007

| | |
|---|---|
| **TO:** | Legal Department<br>Tesla, Inc.<br>901 PAGE AVE<br>FREMONT, CA 94538-7341 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Tesla, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | TJUANA HOPKINS, PLTF. vs. KURTIS DAVIS AND TESLA, INC., ETC., DFTS. |
| DOCUMENT(S) SERVED: | - |
| COURT/AGENCY: | None Specified<br>Case # 2021CI04341 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Process Server on 03/15/2021 at 15:42 |
| JURISDICTION SERVED : | Texas |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 03/15/2021, Expected Purge Date: 03/20/2021<br><br>Image SOP<br><br>Email Notification,  Legal Department  legal@tesla.com |
| REGISTERED AGENT ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Mon, Mar 15, 2021

**Server Name:** CLIMER WHITNIE

| | |
|---|---|
| Entity Served | TESLA, INC. |
| Agent Name | INCORP SERVICES, INC. |
| Case Number | 2021CI04341 |
| Jurisdiction | TX |



PRIVATE PROCESS

Case Number: 2021-CI-04341

2021CI04341 S00002

TJUANA HOPKINS
VS.
KURTIS DAVIS ET AL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   TESLA INC

This document was delivered to you on the 15 day of May 20 21

By: WTC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION, a default judgment may be taken against you.In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION   was filed on the  9th day of March, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF MARCH A.D., 2021.

JERRY V HERNANDEZ
ATTORNEY FOR PLAINTIFF
10500 HERITAGE BLVD 102
SAN ANTONIO, TX 78216-3629



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

| TJUANA HOPKINS<br>VS<br>KURTIS DAVIS ET AL | **Officer's Return** | Case Number: 2021-CI-04341<br>Court: 438th Judicial District Court |

I received this CITATION on _____ at _____ o'clock ___M, and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M at _____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
3/9/2021 6:28 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

2 cits pps wjd

CAUSE NO. **2021CI04341**

| | | |
|---|---|---|
| **TJUANA HOPKINS**<br>*Plaintiff,* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§<br>§ | **438th** DISTRICT COURT |
| **KURTIS DAVIS and TESLA, INC. DBA**<br>**TESLA MOTORS, INC.,**<br>*Defendants.* | §<br>§<br>§ | IN BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiff **TJUANA HOPKINS**, and file this her Original Petition, complaining of **KURTIS DAVIS and TESLA, INC. DBA TESLA MOTORS, INC.,** ("Defendants") and, on information and belief, state as follows:

### I.
### DISCOVERY LEVEL

Discovery shall be conducted in this case according to Level 2 discovery control plan.

### II.
### PARTIES/SERVICE

Plaintiff **TJUANA HOPKINS** is an individual residing in the city of Converse, County of Bexar, State of Texas.

Defendant **KURTIS DAVIS** is an individual residing in the City of San Antonio, County of Bexar, State of Texas, and may be served with process at his residence located at 10115 Fossil Vly, San Antonio, Texas 78245, or wherever he may be found.

Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** is a domestic corporation, doing business in the State of Texas and may be served with process through their registered agent, CT

CORPORATION located at 1999 BRYAN ST., STE. 900 DALLAS, TX 75201, or wherever he may be found.

## III.
## JURISDICTION AND VENUE

Venue is proper in BEXAR County, Texas, pursuant to §15.002(a)(1) of the TEXAS CIVIL PRACTICE & REMEDIES CODE because all or a substantial part of the events giving rise to this action occurred in BEXAR County, Texas.

This Court has jurisdiction over the parties named herein because Defendants are residents and citizens of the State of Texas and/or routinely and regularly conduct business in this State.

Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Texas Rule of Civil Procedure 47 requires Plaintiff to affirmatively plead the amount of damages sought. In compliance with the rule, Plaintiff in good faith pleads the value of this case is over $1,000,000.00.

## IV.
## FACTS

On or about April 1, 2020, Plaintiff **TJUANA HOPKINS** was operating her vehicle in a lawful manner traveling east bound on Old Seguin Road. While Plaintiff was traveling through the intersection of 4500 Old Seguin Road and 5200 NE Loop 410 South with a green light when Defendant **KURTIS DAVIS** failed to keep a proper lookout, made an unsafe turn, failed to control his speed, and failed to yield the right of way causing him to strike Plaintiff's vehicle. At the time of the collision, Defendant **KURTIS DAVIS** was driving in the course and scope of his employment with Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** As a result of the collision, Plaintiff sustained serious injuries and damages requiring surgery.

## V.
## NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE OF DEFENDANT KURTIS DAVIS

Defendant **KURTIS DAVIS** operated his commercial vehicles in a negligent manner because he violated the duty which he owed Plaintiffs to exercise ordinary care in the operation of the commercial vehicle in one or more of the following respects:

a. in failing to timely apply the brakes in an effort to avoid the collision in question;

b. in failing to drive defensively to avoid the collision;

c. in failing to make safe decisions while driving;

d. in driving their vehicles in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401;

e. in failing to control their speed, in violation of Texas Transportation Code § 545.351;

f. in violation of numerous provisions of the Tex. Transp. Code and the Federal Motor Safety Carrier Act;

g. in failing to keep an assured clear distance between his vehicle and Plaintiffs' vehicle;

h. in making an improper unsafe turn;

i. in failing to yield the right of way;

j. In failing to maintain an assured safe distance between his vehicle and the Plaintiff's vehicle, which constitutes common law negligence and negligence per se as it is in violation of Texas Transporation Code § 545.062(a);

k. Failing to maintain a proper lookout, which constitutes common law negligence and negligence per se as it is in violation of Texas Transporation Code § 545.417(a);

3

Defendant **KURTIS DAVIS** actions also constitute *negligence per se*, as a result of violations of the above provisions of the Texas Transportation Code.

Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, negligence per se, gross negligence and malice which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered and will continue to suffer in the future, if not for the remainder of her natural life.

Plaintiff hereby alleges that the negligence of Defendant **KURTIS DAVIS** was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **KURTIS DAVIS** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **KURTIS DAVIS** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which the Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VI.
## NEGLIGENCE, RESPONDEAT SUPERIOR, AND GROSS NEGLIGENCE OF DEFENDANT TESLA, INC. DBA TESLA MOTORS, INC.

Plaintiffs hereby incorporate each of the foregoing paragraphs herein as if set forth in full in this section.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **KURTIS DAVIS** was driving a commercial vehicles in furtherance of the business of Defendant **TESLA, INC. DBA TESLA MOTORS, INC.**.

At the time of the occurrence of the act in question and immediately prior thereto, Defendant **KURTIS DAVIS** was engaged in the furtherance of Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** business and/or was in the course and scope of his employment with it.

Plaintiff invokes the doctrine of *respondeat superior* against Defendant **TESLA, INC. DBA TESLA MOTORS, INC.**. Defendants are liable under the doctrine of *respondeat superior* in that Defendant **KURTIS DAVIS** was operating a vehicle in the course and scope of his employment with Defendant **TESLA, INC. DBA TESLA MOTORS, INC.**.

Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** is also negligent in one or more of the following respects:

    a.    Negligent hiring of its driver;

    b.    Negligent training;

    c.    Negligent supervision;

    d.    Negligent retention;

    e.    Negligent entrustment of Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** vehicle to Defendant **KURTIS DAVIS**;

    f.    Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** failed to properly maintain the vehicle involved in the incident;

    g.    Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** failed to adequately inspect the vehicle to prevent collisions by its employees;

    h.    Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** failed to implement adequate safety programs for the prevention of collisions by its employees in violation of motor carrier fleet industry standards; and

    i.    Defendants failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred.

As described herein, Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** was' negligent on the occasion in question and such negligence was the proximate cause of Plaintiffs injuries and damages.

Each of these acts and/or omissions whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and malice, which proximately caused the collision and injuries and other losses to Plaintiff, all of which Plaintiff suffered.

Plaintiff hereby alleges that the negligence of Defendants was more than momentary thoughtlessness or inadvertence. Rather, the Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant **TESLA, INC. DBA TESLA MOTORS, INC.** had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff. These acts constitute gross negligence and/or malice as defined by Sec. 41.001 *et. seq.* Texas Civil Practice and Remedies Code, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which the Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

## VII.
## DAMAGES TJUANA HOPKINS

As a direct and proximate result of the collision and the negligent conduct of Defendants, Plaintiff suffered severe and permanent bodily injuries to her head, neck, shoulder, chest, back and body generally. The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in

6

reasonable probability, cause her to suffer consequences and ill effects of this deterioration throughout Plaintiff's body in the future, if not for the balance of her natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of her natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has been caused to incur the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

    e. Physical impairment in the past;

    f. Physical impairment, which will, in all reasonable probability, be suffered in the future;

    g. Lost wages in the past;

    h. Loss of earning capacity, which will, in all reasonable probability be incurred in the future;

    i. Mental anguish in the past;

    j. Mental anguish which will, in all reasonable probability be suffered in the future;

    k. Fear of future disease or condition;

l.   Disfigurement;

m.   Cost of medical monitoring and prevention in the future;

n.   loss of household services.

Each of the aforesaid acts and omissions, taken singularly or in combination, constitutes negligence and/or negligence per se and was a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts.

## VIII.
## EXEMPLARY DAMAGES

Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

The above-referenced acts and/or omissions by Defendants constitute gross negligence as that term is defined in Section 41.001(11) Texas Civil Practice and Remedies Code. Defendants were heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

8

Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved of the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. Therefore, for such malice on behalf of Defendants, Plaintiff sue for exemplary damages in an amount to be determined at trial.

## IX.
## INTEREST

Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury. Plaintiffs acknowledges payment this date of the required jury fee.

## XI.
## NOTICE OF SELF-AUTHENTICATION

Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against them.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with

9

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd. #102
San Antonio, Texas 78216
Telephone: (210) 293-1000
Fax: (210) 870-1475

By:   */s/ Jerry Hernandez*
      **JERRY V. HERNANDEZ, OF COUNSEL**
      State Bar No. 09516870
      JerryH@davislaw.com
      **JASON LINNSTAEDTER**
      State Bar No. 24096521
      JasonL@davislaw.com

      **ATTORNEYS FOR PLAINTIFF**

10